**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KIRA L. MEDINA, | : |
| | :   CASE NO. |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MODERN PEST SERVICES LLC, | : |
| | : |
| Defendant. | :   MAY 29, 2025 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendant Modern Pest Services LLC ("defendant" or "Modern") hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1441 and 1446, from the Superior Court of the Commonwealth of Massachusetts, County of Middlesex, to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, defendant declares that:

1. Plaintiff Kira L. Medina ("plaintiff") commenced a proceeding in the Superior Court of the Commonwealth of Massachusetts, County of Middlesex entitled "KIRA L. MEDINA, Plaintiff, vs. MODERN PEST SERVICES LLC, Defendant," by filing a Summons and Complaint in that court on or about April 17, 2025. The state court action has been denominated as Civil Docket No. 2581CV00963. Defendant first received a copy of the summons and Complaint coincident with service of process, on May 1, 2025.

2. This Court has original jurisdiction over this civil action based on the existence of a federal question, 28 U.S.C. § 1331. Removal of the action to this Court is therefore appropriate pursuant to 28 U.S.C. § 1441(a).

1

3. This Court further possesses original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different States, and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs. Removal of this action to this Court is therefore also appropriate pursuant to 28 U.S.C. § 1441(b).

## THE PARTIES

4. At all times relevant to this action, plaintiff was employed by Modern (Compl. ¶¶ 2, 6-7). Plaintiff is a resident and citizen of the State of Rhode Island. (Compl. ¶ 2).

5. Defendant is a limited liability company organized under the laws of the State of Maine, with its principal place of business located in Brunswick, Maine. (Compl. ¶ 3).

## THE STATE COURT ACTION

6. In her state court complaint, plaintiff raises a claim against defendant pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, alleging discrimination and retaliation. (Compl. ¶ 24). Plaintiff's complaint also includes a claim pursuant to the Massachusetts Paid Family & Medical Leave Act, M.G.L.A. c.175M §§ 1, *et seq.* The state law claim arises out of the same nucleus of operative fact as plaintiff's federal FMLA claim and forms part of the same case and controversy.

## THIS COURT'S REMOVAL JURSIDCTION

7. This Court's removal jurisdiction is premised on 28 U.S.C. § 1441(a), which provides in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

8. This Court has original jurisdiction over plaintiff's FMLA claim based upon the existence of a federal question pursuant to 28 U.S.C. § 1331, which provides: "The district courts

shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. This Court has original jurisdiction over this matter based on the complete diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a)(1), which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."

10. The Court maintains supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

## **COMPLIANCE WITH REMOVAL PROCEDURES**

11. Pursuant to Rule 81.1 of the Local Rules of the District Court for the District of Massachusetts, defendant files herewith as Exhibit A are copies of all process and pleadings served on or by plaintiff or defendant in connection with the state action denominated as Civil Docket No. 2581CV00963.

12. This Notice of Removal will be filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Middlesex County, and will be served on plaintiff in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, defendant respectfully requests that this action be removed to the United States District Court for the District of Massachusetts, and that there be no further proceedings in the state court unless and until the case is remanded.

Respectfully submitted,

DEFENDANT,
MODERN PEST SERVICES LLC

By: /s/ Michael Menapace
Michael Menapace (BBO # 568841)
Lawrence D. Peikes (BBO #665177)
WIGGIN AND DANA LLP
Its Attorneys
20 Church Street, 16th Floor
Hartford, CT 06103
(860) 297-3733
(860) 297-3799 (fax)
mmenapace@wiggin.com
lpeikes@wiggin.com

## CERTIFICATE OF SERVICE

This is to certify that on the 29th day of May 2025, a copy of the foregoing Notice of Removal and the accompanying Exhibit A, was served via electronic mail upon plaintiff's counsel of record as follows:

Michael D. Pushee, Esq.
Law Office of Michael D. Pushee
100 Midway Place, Suite 16
Cranston, RI 02920-5707
mpushee@pusheelaw.com

        */s/ Michael Menapace*
        Michael Menapace

25707\185\4900-0624-4167.v1