# EXHIBIT A

## 2581CV00963 Medina, Kira L. vs. Modern Pest Services LLC

- Case Type:
- Torts
- Case Status:
- Open
- File Date
- 04/17/2025
- DCM Track:
- F - Fast Track
- Initiating Action:
- Employment Discrimination
- Status Date:
- 04/17/2025
- Case Judge:
-
- Next Event:
-

| All Information | Party | Tickler | Docket | Disposition |

### Party Information

**Medina, Kira L.**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | - Attorney<br>- Pushee, Esq., Michael David<br>- Bar Code<br>- 657343<br>- Address<br>- Law Office of Michael D. Pushee<br>  100 Midway Place Suite 16<br>  Cranston, RI  02920<br>- Phone Number<br>- (401)214-9820 |

More Party Information

**Modern Pest Services LLC**
- Defendant

| Alias | Party Attorney |
|---|---|
| | - Attorney<br>- Peikes, Esq., Lawrence David<br>- Bar Code<br>- 665177<br>- Address<br>- Wiggin and Dana LLP<br>  Two Stamford Plaza<br>  281 Tresser Boulevard<br>  Stamford, CT  06901<br>- Phone Number<br>- (203)363-7600 |

More Party Information

### Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 04/17/2025 | 07/16/2025 | 90 | |
| Answer | 04/17/2025 | 08/15/2025 | 120 | |
| Rule 12/19/20 Served By | 04/17/2025 | 08/15/2025 | 120 | |
| Rule 12/19/20 Filed By | 04/17/2025 | 09/15/2025 | 151 | |
| Rule 12/19/20 Heard By | 04/17/2025 | 10/14/2025 | 180 | |
| Rule 15 Served By | 04/17/2025 | 08/15/2025 | 120 | |
| Rule 15 Filed By | 04/17/2025 | 09/15/2025 | 151 | |
| Rule 15 Heard By | 04/17/2025 | 10/14/2025 | 180 | |
| Discovery | 04/17/2025 | 02/11/2026 | 300 | |
| Rule 56 Served By | 04/17/2025 | 03/13/2026 | 330 | |
| Rule 56 Filed By | 04/17/2025 | 04/13/2026 | 361 | |

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Final Pre-Trial Conference | 04/17/2025 | 08/10/2026 | 480 | |
| Judgment | 04/17/2025 | 04/19/2027 | 732 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 04/17/2025 | Complaint electronically filed. | 1 | Image |
| 04/17/2025 | Civil action cover sheet filed. | 2 | Image |
| 04/17/2025 | Demand for jury trial entered. | | |
| 04/17/2025 | Case assigned to:<br>DCM Track F - Fast Track was added on 04/17/2025 | | |
| 04/17/2025 | Plaintiff Kira L. Medina's Motion for<br>Appointment of Special Process Server, Harold L. March, Constable d/b/a March, Whitcomb & Associates, Under Rule 4 | 3 | Image |
| 04/17/2025 | Endorsement on Motion for Appointment of Special Process Server, Harold L. March, Constable d/b/a March, Whitcomb & Associates, (#3.0): ALLOWED<br>Dated: April 17, 2025 and notice mailed and copy sent<br><br>Judge: Campbell, Hon. Cathleen E. | | Image |
| 05/07/2025 | Summons, returned SERVED<br>by Agent: Anthony Lopes, Manager at Modern Pest Services, Llc on 5/1/25 at 128B New Boston St., Woburn 01801<br><br>Applies To: Modern Pest Services LLC (Defendant) | 4 | Image |
| 05/23/2025 | Kira L. Medina's request for Default 55(a)<br><br>Applies To: Modern Pest Services LLC (Defendant) | 5 | Image |
| 05/23/2025 | Affidavit filed by Plaintiff Kira L. Medina in support of<br>Plaintiff's Application for Entry of Default Against Modern Pest Services LLC | 5.1 | Image |
| 05/23/2025 | Entered as to:<br>Defendant Modern Pest Services LLC: Defaulted by 55(a) request; | 6 | Image |
| 05/29/2025 | Attorney appearance electronically filed.<br>On this date Lawrence David Peikes, Esq. added as Private Counsel for Defendant Modern Pest Services LLC | | Image |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

**COMMONWEALTH OF MASSACHUSETTS**                          SUPERIOR COURT
**MIDDLESEX, SC.**

KIRA L. MEDINA,                              :
    **Plaintiff**                          :
                                          :
    **vs.**                               :
                                          :
**MODERN PEST SERVICES LLC,**                :    RECEIVED    4/17/25          tc
    **Defendant**                         :

## COMPLAINT

### I. Introductory Statement

1.    This is an action brought by the Plaintiff, Kira L. Medina, seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as punitive and liquidated damages, to remedy unlawful employment practices the Plaintiff suffered in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq*., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq*. and, the Massachusetts Paid Family & Medical Leave Act ("PFML"), M.G.L.A. c. 175M §1, *et seq*.

### II. Parties

2.    The Plaintiff, Kira L. Medina, resides in Lincoln, Rhode Island and was formerly employed by the Defendant.

3.    Defendant Modern Pest Services LLC ("Modern") is a limited liability company duly organized pursuant to the laws of the State of Maine, with its principal place of business located in Brunswick, Maine.  Defendant Modern is registered to conduct business in the Commonwealth of Massachusetts and maintains a business location in Woburn, Massachusetts.

### III. Jurisdiction

4.    The monetary amount claimed herein is sufficient to establish the jurisdiction of this Court.

## IV. <u>Venue</u>

5.      Venue is proper in this Court insofar as the Defendant maintains a place of business within the County of Middlesex, Commonwealth of Massachusetts and conducts business operations within Middlesex County.

## V.  <u>Exhaustion of Administrative Remedies</u>

6.      On or about November 6, 2024, the Plaintiff timely filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No. 523-2024-04215.

7.      On or about February 3, 2025, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

8.      There is no requirement under the FMLA or PFML relative to the exhaustion of administrative remedies.

## VI. <u>Material Facts</u>

9.      In May, 2023, the Plaintiff was hired by Defendant Modern as a Commercial Account Executive.

10.     During all relevant time periods, the Plaintiff was an exemplary employee and met Defendant Modern's performance expectations.

11.     In or about November/December, 2023, the Plaintiff informed Defendant Modern, verbally and in writing, that she was pregnant.

12.     The Plaintiff was scheduled to begin her maternity leave immediately following the birth of her child in May, 2024.

13.     However, during her pregnancy, the Plaintiff experienced pregnancy-related complications, including gestational diabetes.

14.     As a result of these complications, on April 9, 2024, the Plaintiff informed her supervisors, Michael Doucette and Matthew Bray, that she would be commencing an earlier medical leave due to being diagnosed with gestational diabetes.

15.     The Plaintiff informed Mr. Doucette and Mr. Bray that she would be taking 24-26 weeks for the birth of her child and bonding time pursuant to the FMLA and PFML.

16.     Surprised by the length of this leave, Mr. Bray consulted with Megan Murphy, Modern's HR Director.

17.     Ms. Murphy then responded by providing the Plaintiff with inaccurate information about her ability to take a leave of absence.  In fact, Ms. Murphy told the Plaintiff that she could not commence a leave until her baby was born, which is completely false.

18.     Ms. Murphy also incorrectly informed the Plaintiff that she was only entitled to 12 weeks of leave, she could not physically apply for maternity leave until her baby was born, and that she could not utilize Defendant Modern's short-term disability leave benefits while receiving PFML benefits.

19.     Cece White, another HR representative at Modern, also provided the Plaintiff with incorrect information about a 12-week leave period.

20.     Based on these communications with the Plaintiff, it was obvious that Ms. Murphy and Defendant Modern were displeased with the length of her medical/maternity leave.

21.     In fact, on or about April 10, 2024, the Plaintiff called Mr. Bray and informed him that Ms. Murphy was making her feel uncomfortable for taking her leave.

22.     On or about April 15, 2024, the Plaintiff commenced her approved medical leave of absence from Defendant Modern.

23.     On April 29, 2024, the Plaintiff gave birth to her child.

24.     On or about July 31, 2024, while on an approved leave of absence, the Plaintiff received a telephone call from Ms. Murphy.

25.     During this telephone conversation, Ms. Murphy terminated the Plaintiff's employment at Defendant Modern.

26.     The reasons presented by Defendant Modern to substantiate the Plaintiff's termination were erroneous and pretext for workplace discrimination.

27.     That the Plaintiff was terminated on account of her pregnancy and need for a medical and family leave of absence.

28.     That the facts of this matter clearly establish that Defendant Modern unlawfully discharged the Plaintiff and otherwise discriminated against her in violation of Title VII, FMLA and/or PFML.

29.     As a proximate result of Defendant Modern's unlawful and/or discriminatory employment practices, including, but not limited to those described herein, the Plaintiff suffered and will continue to suffer loss of income, including past and future salary, employment benefits, mental and emotional harm and other great damage.

## VII.  Claims for Relief

30.     The Plaintiff incorporates in each of the counts below the allegations set forth in ¶¶1 through 29 above.

### Count One
### Unlawful Discrimination—42 U.S.C. §2000e, *et seq*.

31.     Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her gender and pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

4

§2000e, *et seq*., causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Title VII.

**Count Two**
**Violation of M.G.L.A. c. 175M §1, *et seq*.**

32.    Defendant, by its acts and/or omissions, including, but not limited to, those described herein, discriminated and retaliated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the Massachusetts Paid Family & Medical Leave Act, M.G.L.A. c.175M §1, *et seq*., causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the PFMLA.

**Count Three**
**Violation of FMLA—29 U.S.C. §2601, *et seq*.**

33.    Defendant, by its acts and/or omissions, including, but not limited to, those described herein, discriminated and retaliated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq*., causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the FMLA.

**VIII.  Prayers for Relief**

**WHEREFORE**, the Plaintiff prays that this Court grant the following relief:

1.    a declaratory judgment that the Defendant, in the manner described herein, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq*., and the Massachusetts Paid Family & Medical Leave Act, M.G.L.A. c. 175M §1, *et seq*.;

2.    enjoining and permanently restraining the Defendants from violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., the Family and Medical Leave Act, 29 U.S.C.

§2601, *et seq.* and, the Massachusetts Paid Family & Medical Leave Act, M.G.L.A. c. 175M §1, *et seq.*;

3.     award the Plaintiff back pay, including incremental increases, pension benefits, health and dental benefits and other benefits, plus prejudgment interest thereon;

4.     award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5.     award the Plaintiff liquidated damages;

6.     award the Plaintiff punitive damages;

7.     award the Plaintiff reasonable attorney's fees and costs of litigation; and,

8.     such other and further relief as the Court deems just and proper.

## IX.  Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X.  Designation of Trial Counsel

The Plaintiff hereby designates Michael D. Pushee, Esquire as trial counsel.

PLAINTIFF,
By her attorneys,
**Law Office of Michael D. Pushee**

Dated: April 17, 2025                    /s/ Michael D. Pushee
                                         Michael D. Pushee (BBO #657343)
                                         100 Midway Place, Suite 16
                                         Cranston, RI 02920-5707
                                         (401) 214-9820
                                         (401) 214-9840 (facsimile)
                                         mpushee@pusheelaw.com

## **CERTIFICATION**

I hereby certify that on the 17th day of April, 2025, I caused the within to be electronically filed with the Clerk of this Court using this Court's electronic case filing system.

/s/ Michael D. Pushee_____

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court<br>Superior Court |
|---|---|---|

**COUNTY** Middlesex Superior Court (Woburn)

| Plaintiff | Kira L. Medina | Defendant | Modern Pest Control LLC |
|---|---|---|---|
| ADDRESS: | 117 Lonsdale Main Street | ADDRESS: | 128B New Boston Street |
| Lincoln, RI 02865 | | Woburn, MA 01801 | |

| Plaintiff Attorney: | Michael D. Pushee, Esq. | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | Law Office of Michael D. Pushee | ADDRESS: | |
| 100 Midway Road, Suite 16 | | | |
| Cranston, RI 02920 | | | |
| BBO: | #657343 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES   ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES   ☒ NO | ☐ YES   ☒ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

#### TORT CLAIMS

A. Documented medical expenses to date

   1. Total hospital expenses

   2. Total doctor expenses     RECEIVED    4/17/25    tc

   3. Total chiropractic expenses

   4. Total physical therapy expenses

   5. Total other expenses (describe below)

                                      Subtotal (1-5):   $0.00

B. Documented lost wages and compensation to date    $39,421.00

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages    $35,000.00

F. Other documented items of damages (describe below)    $4,000.00

health insurance costs

                                     TOTAL (A-F):   $78,421.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

workplace discrimination

#### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Self-Represented Plaintiff: X  /s/ Michael D. Pushee | Date: | April 17, 2025 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

#### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X  /s/ Michael D. Pushee | Date: | April 17, 2025 |
|---|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (A) |
| PE1 Administrative Action involving an Incarcerated Party | (A) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E(X) | |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S(X) | |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

Date Filed 4/17/2025 10:41 AM
Superior Court - Middlesex
Docket Number 2581CV00963 Case 1:25-cv-11547-MPK    Document 1-1    Filed 05/29/25    Page 13 of 24    H

3

**COMMONWEALTH OF MASSACHUSETTS**                    **SUPERIOR COURT**
**MIDDLESEX, SC.**

KIRA L. MEDINA,                          :
    **Plaintiff**                          :
                                          :
    **vs.**                               :      **Docket No.: 2581CV00963**
                                          :
**MODERN PEST SERVICES LLC,**            :      RECEIVED    04/17/25
    **Defendant**                         :

<u>**MOTION FOR APPOINTMENT OF SPECIAL
PROCESS SERVER UNDER RULE 4 (with Proposed Order)**</u>

Now comes the Plaintiff and hereby moves, pursuant to Rule 4, 4.1 and 4.2 of the Massachusetts Rules of Civil Procedure, that this Court appoint Harold L. March, Constable d/b/a March, Whitcomb & Associates, qualified and knowledgeable in the service of court process and/or any of its employees or servants, as process server in this matter. The undersigned swears and affirms that to the best of their knowledge and belief, the person to be appointed is eighteen (18) years of age or over and is not a party in this case.

                               PLAINTIFF,
                               By her attorneys,
                               **Law Office of Michael D. Pushee**

Dated: April 17, 2025                    /s/ Michael D. Pushee
                               Michael D. Pushee (BBO #657343)
                               100 Midway Place, Suite 16
                               Cranston, RI 02920-5707
                               (401) 214-9820
                               (401) 214-9840 (facsimile)
                               mpushee@pusheelaw.com

## ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVER

This action came on for hearing before this Court, _____ presiding, upon Plaintiff's Motion for Appointment of Special Process Server, and thereupon, upon consideration thereof, it is ordered and adjudged: that Harold L. March, Constable d/b/a March, Whitcomb & Associates and /or any of its employees or servants are appointed Special Process Server for the express purpose of serving any and all process in this action pursuant to Massachusetts Rule 4 of Civil Procedure.

**ENTERED** as an order of this Court this __ day of _____, 2025.

**ENTER**: _____          **PER ORDER**: _____

## CERTIFICATION

I hereby certify that on the 17th day of April, 2025, I caused the within to be electronically filed with the Clerk of this Court using this Court's electronic case filing system.

/s/ Michael D. Pushee_____

**COMMONWEALTH OF MASSACHUSETTS**                    **SUPERIOR COURT**
**MIDDLESEX, SC.**

KIRA L. MEDINA,                          :
    **Plaintiff**                          :
                                          :
    **vs.**                               :         **Docket No.: 2581CV00963**
                                          :
MODERN PEST SERVICES LLC,                 :    **RECEIVED**    04/17/25
    **Defendant**                         :

## MOTION FOR APPOINTMENT OF SPECIAL
## PROCESS SERVER UNDER RULE 4 (with Proposed Order)

Now comes the Plaintiff and hereby moves, pursuant to Rule 4, 4.1 and 4.2 of the

Massachusetts Rules of Civil Procedure, that this Court appoint Harold L. March, Constable d/b/a

March, Whitcomb & Associates, qualified and knowledgeable in the service of court process and/or any

of its employees or servants, as process server in this matter.  The undersigned swears and affirms that

to the best of their knowledge and belief, the person to be appointed is eighteen (18) years of age or

over and is not a party in this case.


                        PLAINTIFF,
                        By her attorneys,
                        **Law Office of Michael D. Pushee**


Dated: April 17, 2025          /s/ Michael D. Pushee_____
                        Michael D. Pushee (BBO #657343)
                        100 Midway Place, Suite 16
                        Cranston, RI 02920-5707
                        (401) 214-9820
                        (401) 214-9840 (facsimile)
                        mpushee@pusheelaw.com


04-17-25 Motion Allowed

Attest: *Abernard*
            Deputy Assistant Clerk

*Campbell* J.)

**4**

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. __2581CV00963__

Kira L. Medina
_____ , PLAINTIFF(S),

v.

Modern Pest Services LLC
_____ , DEFENDANT(S)

5/7/2025

**RECEIVED**

### SUMMONS

THIS SUMMONS IS DIRECTED TO __Modern Pest Services LLC__ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Middlesex County Superior__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, __Middlesex Superior__ Court, __200 Trade Center, Woburn, MA 01801__ (address), by mail or in person, **AND**

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: __Michael D. Pushee, Esq., 100 Midway Road, Cranston, RI 02920__ .

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

KB

Date Filed 5/7/2025 12:08 PM
Superior Court - Middlesex
Docket Number 2581CV00963

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on _____, 20___.

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS



**March, Whitcomb & Associates Constables**
**P.O. Box 1 Randolph, MA 02368**
**(617) 770-0100**

_____ Middlesex ,ss

I hereby certify and return that on _____ May 1 2025 _____, I served a true and attested copy of the Summons and Complaint; Civil Action Cover Sheet; Civil Tracking Order; Clerk's Notice

in this action in the following manner: To wit, in hand to Anthony Lopes, Manager at Modern Pest Services, LLC 128B New Boston St., Woburn

Harold March, Constable / Dis-Interested Person

Date Filed 5/23/2025 11:35 AM Case 1:25-cv-11547-MPK    Document 1-1    Filed 05/29/25    Page 18 of 24
Superior Court - Middlesex
Docket Number 2581CV00963

**5**

**COMMONWEALTH OF MASSACHUSETTS**                    **SUPERIOR COURT**
**MIDDLESEX, SC.**

KIRA L. MEDINA,                                 :
    **Plaintiff**                                  :
                                                  :
    **vs.**                                       :      **Docket No.: 2581CV00963**
                                                  :
MODERN PEST SERVICES LLC,                        :
    **Defendant**                                 :                          **RECEIVED**
                                                                            5/23/2025

<u>**PLAINTIFF'S APPLICATION TO CLERK FOR ENTRY OF DEFAULT**
**AGAINST DEFENDANT MODERN PEST SERVICE, LLC**</u>

The Plaintiff in the above-entitled cause hereby make application to the Court for Entry of

Default against Defendant MODERN PEST SERVICES LLC and in favor of the Plaintiff pursuant

to Mass. R. Civ. P. 55(a). This application is supported by the Affidavit of Michael D. Pushee,

Esq. filed herewith.

Respectfully submitted,

<u>/s/ Michael D. Pushee</u>
Michael D. Pushee (BBO #657343)
Law Office of Michael D. Pushee
100 Midway Place, Suite 16
Cranston, RI 02920-5707
Telephone: (401) 214-9820
mpushee@pusheelaw.com

*Counsel for Plaintiff*

NS

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 23rd day of May, 2025 and is available for viewing and downloading from the ECF system. In addition, I certify that the within document was sent, via regular first-class mail, postage pre-paid, and by certified mail, return receipt requested, to the below entities on this 23rd day of May, 2025. Furthermore, to the best of my knowledge, the addresses set forth below are the last known addresses of the Defendant and its registered agent.

Modern Pest Services, LLC
128B New Boston Street
Woburn, MA 01801

Corporation Service Company
Registered Agent for Modern Pest Services, LLC
84 State Street, Suite 660
Boston, Massachusetts 02109

/s/ Michael D. Pushee _____

2

# 5.1

**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX, SC.**

**SUPERIOR COURT**

KIRA L. MEDINA,
    **Plaintiff**

    :
    :
    :

vs.
    :

**Docket No.: 2581CV00963**

**MODERN PEST SERVICES LLC,**
    **Defendant**

    :
    :

**RECEIVED**

5/23/2025

## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANT MODERN PEST SERVICES LLC

NOW COMES Michael D. Pushee, Esq. and, making this Affidavit under the penalties of perjury, hereby states that the statements made below are true of his own knowledge, information and belief, and, so far as the facts are stated to be upon information and belief, he believes such information to be true.

1.    I am an attorney with the law firm of Law Office of Michael D. Pushee and counsel of record for the Plaintiff in the above matter.

2.    On April 17, 2025, the Plaintiff filed the Complaint in this matter.

3.    On May 1, 2025, Defendant Modern Pest Services, LLC ("Modern"), by and through its manager, was duly served by a licensed constable, in hand, with the Summons and Complaint. A copy of the Summons, returned executed, was previously filed with this Court and is part of the case record.

5.    Defendant Modern was required to answer, plead or otherwise defend against the Complaint by May 21, 2025.

6.    Defendant Modern has failed to answer the Complaint or plead or otherwise defend as required by the Mass. R. Civ. P.

7.    As required by the Service Members Civil Relief Act, I have confirmed that the

NS

1

Defendant is not currently in active military service.

       8.     The Defendant is not an infant or incompetent person.

       9.     This affidavit is executed by the affiant in accordance with Mass. R. Civ. P. 55(a) for the purpose of enabling the Plaintiff to obtain the entry of default against Defendant Modern for failure to plead or otherwise defend.

Signed under the pains and penalties of perjury this 23rd day of May, 2025.

Michael D. Pushee

Nicholas A. Lambros
State of Rhode Island
Notary Public No. 34063
My Commission Expires: 12-7-25

Notary Public: _____
Comm. Expires: _12-1-25_____

## CERTIFICATION

     I hereby certify that the within document has been electronically filed with the Court on this 23rd day of May, 2025 and is available for viewing and downloading from the ECF system. In addition, I certify that the within document was sent, via regular first-class mail, postage pre-paid, and by certified mail, return receipt requested, to the below entities on this 23rd day of May, 2025. Furthermore, to the best of my knowledge, the addresses set forth below are the last known addresses of the Defendant and its registered agent.

     Modern Pest Services, LLC
     128B New Boston Street
     Woburn, MA 01801

     Corporation Service Company
     Registered Agent for Modern Pest Services, LLC
     84 State Street, Suite 660
     Boston, Massachusetts 02109

          /s/ Michael D. Pushee

2

| DEFAULT ORDER<br>(Mass. R. Civ. P. 55(a)) | DOCKET NUMBER<br><br>2581CV00963 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME Medina, Kira L. vs. Modern Pest Services LLC | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| TO:<br><br>File Copy<br><br>, | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |
|---|---|

The party(s), named below, having failed to plead or otherwise defend the case as required by the rules of civil procedure, and plaintiff having shown that fact by affidavit or otherwise, is(are) hereby defaulted pursuant to Mass. R. Civ. P. 55(a).

Modern Pest Services LLC

The plaintiff shall file one of the following, if not already entered:

    1.  in accordance with Mass. R. Civ. P. 55(b)2  and subject to Mass. R. Civ. P. 54(b)  and 55(b)4, file a motion for an assessment of damages and default judgment by, 06/22/2025.

or

    2. in accordance with Mass.R.Civ.P. 55(b)(1) (for a sum certain or for a sum which can by computation be made certain) and subject to Mass.R. Civ. P. 54(b) and 55(b)4, file a request for default judgment by, 06/22/2025.

| DATE ISSUED<br><br>05/23/2025 | CLERK OF COURTS<br><br>**Michael A. Sullivan, Clerk of Court** | ASSISTANT CLERK<br><br>x | SESSION PHONE#<br><br>(781)939-2745 |
|---|---|---|---|

Date/Time Printed: 05-23-2025 14:45:45    SCV039i.05/2014

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION NO. 2581CV00963

---

KIRA MEDINA,

      Plaintiff,

v.                                                                5/29/2025

MODERN PEST SERVICES LLC,

      Defendant.

---

RECEIVED

### <u>NOTICE OF APPEARANCE</u>

      To the Clerk of this Court and all parties of record, please enter my appearance as counsel for

the defendant, Modern Pest Services LLC, in the above-captioned matter.

Dated: May 29, 2025                          Respectfully submitted,

                                 **DEFENDANT**
                                 **MODERN PEST SERVICES LLC**

                                 */s/ Lawrence D. Peikes*
                                 Lawrence D. Peikes (BBO #665177)
                                 WIGGIN AND DANA LLP
                                 Two Stamford Plaza
                                 281 Tresser Boulevard
                                 Stamford, CT 06901
                                 Tel. (203) 363-7609
                                 Fax (203) 363-7676
                                 lpeikes@wiggin.com                          LF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served upon

Plaintiff's counsel on May 29, 2025, via the Court's electronic case filing system.


*/s/ Lawrence D. Peikes*
Lawrence D. Peikes